*Decisions will be entered under Rule 50.*

J. HAROLD FINEN AND MARIE K. FINEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket. Nos. 87047, 87048, 3252–62. Filed January 21, 1964.

558

*K. G. Seitz*, for the petitioners.
*Hugh G. Rowland*, for the respondent.

OPINION

RAUM, *Judge:* The Commissioner determined deficiencies in income tax in the amounts of $2,748.22, $762.11, $990.40, and $4,382.33 for the years 1956, 1958, 1959, and 1960, respectively. The sole question for decision is whether petitioners are entitled to interest deductions with respect to the amounts paid by them during the taxable years pursuant to the terms of a compromise agreement relating to their 1943 and 1944 unpaid deficiencies in tax, penalities, and interest. All of the facts have been stipulated.

Petitioners, husband and wife, filed joint income tax returns for 1956, 1958, 1959, and 1960 with the district director of internal revenue, Cincinnati, Ohio.

Petitioners, in their individual capacities, filed with the Commissioner an offer in compromise (Form 656–C) dated March 30, 1954, and an amended offer in compromise (Form 656–C) dated February 27, 1956, in which they offered to pay $60,000 in compromise of the following liabilities:

| Year | Income tax | Penalty | Assessed interest | Accrued interest (unassessed) | Totals |
|---|---|---|---|---|---|
| 1943 | $73,232.78 | $36,616.39 | $18,267.06 | $25,711.52 | $153,827.75 |
| 1944 | 21,853.87 | 10,926.94 | 4,139.96 | 18,255.04 | 55,175.81 |
| | 95,086.65 | 47,543.33 | 22,407.02 | 43,966.56 | 209,003.56 |
| Payments | 73,232.78 | 5,391.42 | None | None | 78,624.20 |
| | 21,853.87 | 42,151.91 | 22,407.02 | 43,966.56 | 130,379.36 |

On April 10, 1956, petitioners signed a COLLATERAL AGREEMENT which provided, in part, as follows:

Whereas, the undersigned taxpayers have submitted an amended "Offer in Compromise" dated February 27, 1956, in the amount of $60,000.00 in cash to compromise an unpaid income tax liability including penalties and interest for the years 1943 and 1944; and whereas, the purpose of this agreement is to offer additional consideration for the acceptance of the offer in compromise, Now, therefore, we jointly and severally agree:

(1) That in addition to the payment of $60,000.00 within thirty days after acceptance of the offer, we, jointly and severally will pay out of our combined annual income for the calendar years ended December 31, 1956 to December 31, 1966, inclusive:

(a) Nothing with respect to the first $7,500.00 of annual income.

(b) 25% of annual income in excess of $7,500.00 and not in excess of $10,000.00 and

(c) 50% of annual income in excess of $10,000.00.

(d) Nothing after the aggregate payments, including the $60,000.00 provided above, equal the $86,412.80 assessed deficiency, penalty and interest plus interest accrued to a date 30 days after acceptance of the offer.

\* \* \* \* \* \* \*

(6) We understand and agree that in the event either of the taxpayers should die within this period, the unpaid balance of the assessed deficiency, penalty and interest plus interest accrued to a date 30 days after acceptance of this offer, shall become a lien upon the decedent's assets.

(7) As a part of this offer, we agree that upon notice of acceptance of the offer in compromise we waive any and all right, in the event of default in payment of the annual payments hereinabove described, to contest in court or otherwise the amount of the liability sought to be compromised, and that in the event of such default the Commissioner of Internal Revenue, at his option, (1) may proceed immediately by suit to collect any payment or payments in default, or (2) may disregard the amount of this offer and apply all amounts previously paid hereunder against the amount of the liability sought to be compromised and may, without further notice of any kind, assess and/or collect by distraint or suit (the restrictions against assessment and/or collection being specifically waived) the balance of such liability.

(8) We understand and agree that this agreement shall be of no force or effect unless the offer in compromise dated Feb. 27, 1956, is accepted.

On August 14, 1956, the amended offer in compromise dated February 27, 1956, and the collateral agreement dated April 10, 1956, were accepted in behalf of the Commissioner.

In accordance with the terms of the offer, petitioners paid the $60,000; they had paid $16,000 of that amount prior to 1956 while the original offer was under consideration, and they paid the remaining $44,000 in 1956. On their 1956 income tax return petitioners claimed an interest deduction in the amount of $8,434.92. The Commissioner disallowed $8,234.92 thereof on the ground that "it does not represent a charge made for interest, but a payment made on account of a lump sum accepted from you in compromise of Federal income tax deficiencies, plus penalties and interest." The remaining $200, which the Commissioner allowed, represented the interest that had accrued on the principal amount due under the terms of the offer in compromise from the date of the acceptance of the offer to the date of payment.

Petitioners paid $3,979.53 during 1958 pursuant to the collateral agreement, and claimed $2,555.28 of this amount as a deduction for interest in their return for that year. The Commissioner disallowed $2,486.01 thereof on the ground that it did not constitute interest.

He allowed an interest deduction in respect of the remaining $69.27 which represented interest that had accrued under the terms of the collateral agreement on the amount due.

During 1959 and 1960 petitioners paid $2,686.97 and $13,668.95, respectively, pursuant to the collateral agreement, and claimed interest deductions in their 1959 and 1960 returns in the respective amounts of $1,678.64 and $13,668.95. The Commissioner disallowed these deductions in full.

As we interpret petitioners' brief, they have abandoned their original claim that they are entitled to the deductions disallowed for 1956 and 1958. They now contend that under the terms of the offer in compromise and collateral agreement there was a compromise of their liability for 1943 and 1944 deficiencies in tax, penalties, and interest only in a technical sense; that they have, in truth, remained liable for the full amount of that liability; that after completing the $60,000 payment in 1956, there remained only $4,005.78 [1] due in respect of their unpaid taxes and penalties for 1943 and 1944; that this $4,005.78 liability was discharged by their $3,979.53 payment in 1958 plus $26.25 out of their $2,686.97 payment in 1959; and that all payments in excess thereof, namely, $2,660.72 in 1959 and the entire $13,668.95 in 1960, necessarily represent interest, which is deductible.

The Commissioner, on the other hand, contends that when petitioners paid $60,000 in compromise of their liability for 1943 and 1944 deficiencies in tax, penalties, and interest totaling $130,379.36, that liability was extinguished; that subsequent payments under the collateral agreement were in satisfaction of a contractual obligation, and that no part of those payments are allocable to, or deductible, as interest. We do not agree.

Petitioners' liability for the unpaid 1943 and 1944 deficiencies in tax, penalties, and interest was not extinguished by the payment of $60,000. The Commissioner's argument to the contrary appears to be based on the erroneous premise that the compromise agreement was confined to the terms of the offer in compromise submitted on standard Treasury Form 656–C. But the terms of the compromise agreement accepted by the Commissioner were contained in two documents, the "Offer in Compromise" on Form 656–C and the collateral agreement. Cf. *United States* v. *Lane*, 303 F. 2d 1, 2 (C.A. 5).

In the "Offer in Compromise" petitioners offered to pay $60,000 to secure the release from their liability for 1943 and 1944 deficiencies in tax, penalties, and interest. The collateral agreement recited that its purpose was "to offer additional consideration for the acceptance of the offer in compromise." The additional consideration consisted in substance of a promise by petitioners that, if their annual income

---

[1] The unpaid taxes and penalties were in the aggregate amounts of $21,853.87 and $42,151.91, or a total of $64,005.78.

for the years 1956 through 1966 exceeded a stated level, they would apply specified percentages of the excess to the payment of their unpaid liability for 1943 and 1944 deficiencies in tax, penalties, and interest until that liability was paid, or until the period ended. And paragraph 6 of the collateral agreement provided that "in the event either of the taxpayers should die within this period, the unpaid balance of the assessed deficiency, penalty and interest plus interest accrued to a date 30 days after acceptance of this offer, shall become a lien upon the decedent's assets."

Plainly, petitioners were not released from their unpaid liability for tax, penalties, and interest by the payment of $60,000. It was the intention of the parties that petitioners would continue to make payments in satisfaction of that liability pursuant to the terms of the collateral agreement. To the extent that it is clear that those payments discharged a portion of petitioners' unpaid liability for interest, they are entitled to, and should be allowed, an interest deduction. *Max Thomas Davis*, 46 B.T.A. 663, 672; *Lustig* v. *United States*, 138 F. Supp. 870, 872 (Ct. Cl.).

Petitioners' total unpaid liability of $130,379.36 consisted of deficiencies in tax and penalties for 1943 and 1944 aggregating $64,005.78 and interest of $66,373.58. As of December 31, 1960, payments made by petitioners pursuant to the compromise agreement amounted to $80,335.45. After subtracting therefrom the entire $64,005.78 for tax and penalties, there remains $16,329.67 which can be classified only as interest.[2] Of this latter amount, $2,660.72 was paid by petitioners in 1959 and $13,668.95 in 1960. We hold that petitioners are entitled to the contested interest deduction of $13,668.95 for 1960, but their deduction for 1959 must be limited to $1,678.64 since that is the amount deducted in their 1959 return and they have not claimed any overpayment for that year.

> *Decision in docket No. 87047 will be entered for the respondent.*
>
> *Decision in docket No. 87048 will be entered under Rule 50.*
>
> *Decision in docket No. 3252–62 will be entered for the petitioners.*

---

[2] The situation is to be sharply distinguished from one where a lump sum is accepted in compromise of tax, penalty, and interest, and where that sum is less than the principal amount of the tax and penalty. See Rev. Rul. 58–239, 1958–1 C.B. 94, 95; I.T. 3852, 1947–1 C.B. 15.