Terrence **WALLER** and Leota Waller, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

**Civ. No. S–90–0693–WBS/GGH.**

United States District Court, E.D. California.

May 7, 1991.

---

John A. Childers, Weaverville, Cal., for plaintiffs.

U.S. Attorney's Office, Sacramento, Cal., John Pirkle, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

SHUBB, District Judge.

This tax refund suit is before the Court on cross-motions for summary judgment under Fed.R.Civ.P. 56.

On May 14, 1979, the IRS discovered an error in plaintiffs' timely-filed tax return for the 1978 tax year. The IRS adjusted plaintiffs' tax owing (line 35 of the return) from $4,388.00 to $11,500.32 and erroneously allowed plaintiffs credits of $11,614.00, refunding to plaintiffs $113.68. On April 19, 1982, the IRS reversed the erroneous credit of $5,807.00 allowed in 1979, charged plaintiffs interest of $1,920.37, and assessed plaintiffs a late penalty of $1,016.22.

Plaintiffs informed the IRS that the late penalty was illegal because plaintiffs received no prior notification, and the entire assessment was illegal because it was made more than three years after the filing of the return. 26 U.S.C. § 6501(a). On February 22, 1984, plaintiffs submitted to the IRS an offer in compromise of $0 on Form 656. At that time, plaintiffs were represented by counsel. On April 5, 1984, plaintiffs amended their offer in compro-

mise to $500. On July 21, 1987, plaintiffs signed a letter devised by the IRS which began, "In regards to the Offer in Compromise for 1978 originally submitted on 2–22–84, we hereby amend such offer to reflect the following terms: ...." On September 25, 1987, the IRS accepted this offer in compromise. Plaintiffs, prior to bringing this suit, made payments in the sum of $7,471 in full satisfaction of the agreement.

Plaintiffs allege they are entitled to summary judgment because the IRS' assessment was clearly made beyond the statute of limitations. Plaintiffs further claim that there was no valid offer in compromise. Defendant asserts that a valid offer in compromise bars plaintiffs' suit.

The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e) advisory committee's note on 1963 amendments). Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

This court finds the existence of a valid and binding offer in compromise. Plaintiffs argue that an offer in compromise is not valid unless made on Form 656. Treas. Reg. §§ 301.7122–1(d), 601.203. In this case, the original offer was made on Form 656, and was later amended by letter. In *Timms v. United States*, 678 F.2d 831 (9th Cir.1982), the taxpayers made a compromise offer pursuant to 26 U.S.C. § 7122, and then amended it several times. The taxpayers then submitted, by letter, a proposed settlement, drafting the basic language of the agreement. The government, by letter, made minor revisions in the taxpayer's proposal and accepted the settlement. While the opinion does not explicitly state that the original offer in compromise was submitted on Form 656, it does state

that the "taxpayers made a compromise offer pursuant to IRC § 7122," implying that the offer was proper in form. *Id.* at 832. The opinion later mentions that the content of the offer was changed by letter. Thus, it is fairly clear from the opinion that the revisions to the offer were made through letters alone. *Id.* at 834 n. 3.

Other cases have recognized an amendment by letter to Form 656, terming it a "collateral agreement". Treasury Regulation § 301.7122–1(d)(3) states, "As a condition to accepting an offer in compromise, the taxpayer may be required to enter into any collateral agreement...." The Regulations set no standard as to the form these collateral agreements must take. In *Finen v. Commissioner of Internal Revenue*, 41 T.C. 557 (1964), the taxpayers made an offer in compromise on two documents: Form 656, and a so-called collateral agreement, which offered additional consideration for the acceptance of the offer in compromise. The two documents were submitted separately, almost two months apart. The collateral agreement in *Finen* was remarkably similar to the Wallers' letter amending their offer in compromise. In *Finen*, the two documents were treated as a valid offer in compromise. Similarly, in *United States v. Lane*, 303 F.2d 1 (5th Cir.1962), the taxpayer submitted a series of offers in compromise. Part of the offer was submitted on Form 656, and a second document, termed a "collateral income agreement," was also submitted. The collateral agreement simply offered additional consideration for acceptance of the offer in compromise, *id.* at 2, which seems to have been the sole function of the amended offers in compromise in the case at bar. Finally, in the case at bar, both plaintiffs' and defendant's independent use of letters to amend Form 656 suggests that such a method of amendment is recognized.

The validity of the offer in compromise was recognized by both parties, and must be recognized by this court. Plaintiffs claim, *inter alia*, that there was no valid offer in compromise because, in signing the agreement, they did not intend to waive their rights to later bring a refund action. The face of the agreement signed by plaintiffs stated plainly and unambiguously that the agreement was an amendment to the February 22, 1984 offer in compromise, and paragraph 5 of Form 656, signed by plaintiffs, states, "It is further agreed that upon notice to the taxpayers of the acceptance of this offer, the taxpayers shall have no right to contest in court or otherwise the amount of the liability sought to be compromised." Plaintiffs' alleged intent not to waive such a right is irrelevant in light of the clear and unambiguous character of the agreement dated July 21, 1987 and Form 656, incorporated by it. *See Kelly v. Commissioner of Internal Revenue*, T.C. Memo 1990–202, 1990 WL 45664 (1990) (taxpayer's intent in signing Form 872–A to extend statute of limitations period as to business portion of return but not as to entire return deemed irrelevant in light of clear and unambiguous terms of the Form).

Plaintiffs also argue that the offer in compromise was not valid because the IRS made no compromises. While plaintiffs cite no authority for this proposition, it also appears that the IRS did compromise the $1,016.22 late penalty as well as 20% of the tax assessment and interest. Plaintiffs also argue that, since the tax was illegally assessed, plaintiffs had no liability to compromise. Again, plaintiffs cite no authority for such a proposition. In *Sprowles v. United States*, 63 A.F.T.R.2d 89–1423, 1989 WL 85652 (W.D.Ky.1989), the taxpayer contested an assessment on the grounds that it was barred by the statute of limitations, but he nevertheless submitted an offer in compromise, which was eventually accepted by the IRS. The court ruled that the taxpayer not only waived the right to contest legally assessed taxes, but also those illegally assessed, and it found the valid and binding offer in compromise conclusively established the taxpayer's liability. Here, plaintiffs knew of the possibility that the assessment was illegal and yet, in signing the Form 656, they waived any right to later bring a refund suit.

Since the offer in compromise is valid and binding, plaintiffs cannot escape its conclusive bar to their refund suit. A valid offer in compromise conclusively establish-

es liability and may only be set aside on the grounds of fraud or mutual mistake of fact. Treas.Reg. § 301.7122–1(c); *see also Timms v. United States*, 678 F.2d at 833. Plaintiffs have submitted no evidence of fraud or mutual mistake in entering the compromise agreement, and it appears that they would have no grounds to make such an allegation. Plaintiffs' action for refund is therefore barred. *See Timms v. United States*, 678 F.2d at 834 (disallowing taxpayer's claim for refund following a compromise settlement, and stating, "[A]n agreement is an agreement and the taxpayer is bound by its terms...."). Because plaintiffs' suit is foreclosed by the offer in compromise and Treasury Regulation § 301.7122–1(c), summary judgment must be granted in favor of defendant pursuant to Fed.R.Civ.P. 56.

IT IS THEREFORE ORDERED, plaintiffs' motion for summary judgment be, and the same hereby is, denied, and defendant's motion for summary judgment be, and the same hereby is, granted.