**Gerald H. and Carole J. KEATING,**
**Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. CV 90-0-484.**

United States District Court,
D. Nebraska.

May 15, 1992.

Robert J. Murray, Kennedy, Holland Law Firm, Omaha, Neb., for plaintiffs.

Daniel A. Morris, U.S. Atty., Omaha, Neb., Robert D. Metcalfe, U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM OPINION

STROM, Chief Judge.

This matter is before the Court on the plaintiffs' objections (Filing No. 18) to the findings and recommendations of the magistrate judge (Filing No. 17), wherein it was recommended that plaintiffs' motion for summary judgment (Filing No. 10) be denied and that defendant's motion for summary judgment (Filing No. 8) be granted. Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review of those portions of the magistrate judge's findings and recommendations to which objections have been made.

Summary judgment is proper if there is no genuine issue of material fact, and the moving party should prevail as a matter of law. Fed.R.Civ.P. 56(c). Upon review of a motion for summary judgment, this Court must give the party opposing the motion the benefit of all favorable factual inferences. *Holloway v. Lockhart,* 813 F.2d 874, 878 (8th Cir.1987). The parties agree there are no material facts in dispute.

The plaintiffs, Gerald H. and Carol J. Keating, brought this action seeking to recover $6,989.24, plus interest, which the Keatings claimed the Internal Revenue Service (IRS) wrongfully withheld from the Keatings' 1987 tax refund and which was applied to the Keatings' 1986 tax liability. The IRS withheld the monies pursuant to ¶ 3(b) of a Form 656 Offer in Compromise, which read as follows:

> In making this offer, and as part of the consideration, it is agreed (a) that the United States shall keep all payments and other credits made to the accounts for the periods covered by this offer, and (b) *that the United States shall keep any and all amounts to which the tax-payer-proponents may be entitled under internal revenue laws, due through overpayments of any tax or other liability, including interest and penalties, for periods ending before or within or as of the end of calendar year in which this offer is accepted.* (And which are not in excess of the difference between the liability sought to be compromised and the amount offered). Any such refund received after this offer is filed will be returned immediately.

(Emphasis added). According to the Keatings, the government's actions violated a February, 1988, Thirty Thousand Dollar ($30,000) offer in compromise which the parties negotiated in full satisfaction for all of the Keatings' tax liabilities for 1986 and other prior taxable years. The Keatings argue that their agreement, including an oral agreement, effectively superseded the inconsistent language contained in ¶ 3(b) of Form 656.

The United States contends that the $30,-000 Offer in Compromise did not supersede

¶ 3(b), which authorizes the IRS to retain the Keatings' 1987 tax refund. The magistrate judge agreed with the government that ¶ 3(b) remained part of the parties' final agreement.

The settlement offer, which the parties negotiated over the course of seven months, effectively began with the September 9, 1987, Form 656 Offer in Compromise, in the amount of $21,000. In January, 1988, the IRS demanded a collateral agreement on future income, in addition to the $21,000 settlement offer. After subsequent negotiations, the parties orally agreed to a $30,000 cash offer in lieu of the Keatings having to contend with monthly payments, quarterly payments, future income collateral agreements, or any other form of future liability (Fritz Deposition 49:10–50:23; Exhibit Nos. 21, 22). The IRS requested that the Keatings submit a letter agreeing to the amended amount (Exhibit No. 21). In February, 1988, the Keatings amended the settlement amount, increasing it from $21,000 to $30,000, in exchange for the IRS dropping its demand for a collateral agreement on future income (Exhibit No. 22). The Keatings' attorney, Matthew Fritz, testified that he and the Keatings considered this letter to be an acceptance of the offer to settle for $30,000 and, despite the language referencing the Offer in Compromise, they believed that it effectively revoked all other provisions of the Form 656 then on file (Fritz Deposition 52:3–53:10; 82:1–17; 86:9–87:3; 106:9–109:5).

These amendments and other terms of the offer were memorialized in various letters between the parties subsequent to the submission of the original Form 656. At no time did the IRS demand, nor did the Keatings submit, another Form 656 containing these amendments. However, the correspondence often referred back to the pending Offer in Compromise (Exhibit Nos. 12, 14, 19, 21, 22, 23, 25, 26, 27, 28, 29, and 32).

After reviewing the evidence submitted in support of, and in opposition to, the parties' respective motions for summary judgment, the magistrate judge concluded that the provisions of Form 656 were bind-

ing upon the plaintiffs and recommended that the government's motion for summary judgment be granted. The Keatings object to what they perceive as the apparent failure of the magistrate judge to consider the deposition of Matthew Fritz in its entirety. The only testimony in the record is that of Fritz, which both parties submitted in support of their respective motions for summary judgment. The Keatings assert that Fritz' deposition read in its entirety, makes it logically impossible to conclude that ¶ 3(b) of the Offer in Compromise was not superseded by subsequent oral and written agreements.

According to the Keatings, in a contract dispute over the construction of the offer in compromise, the Court must endeavor to apply the true intention of the parties. The Keatings argue that Fritz' deposition is dispositive regarding this intention. The Keatings state that the magistrate judge failed to consider the circumstances surrounding the $30,000 oral cash agreement, namely that the Keatings would not be required to make *any* additional future monetary outlays. The Keatings posit that this is what the parties intended and that this intention was embodied in an oral agreement between Messrs. Fritz and Robert Wilson, the IRS Special Procedures Function Adviser. According to the Keatings, the magistrate judge misconstrued the term "offer in compromise" as referring exclusively to Form 656. They suggest that the term, as used by the parties, refers not only to Form 656, but also to the entire series of oral and written agreement composing the compromise process.

The Keatings specifically object to the following findings of the magistrate judge:
1) that the IRS consistently required that a Form 656, unaltered by any deletions, be the basis of the plaintiff's Offer in Compromise (Magistrate's report, at 12);
2) that the parties agree that all the terms of their agreement were expressed in writing (Magistrate's report, at 11); and
3) that the evidence, and particularly the plaintiffs' own correspondence, fails to support the Keatings' contention that Form 656 and ¶ 3(b) were superseded by subsequent oral and written agreements (Magistrate's report, at 12).

Finally, the Keatings object to the magistrate judge's finding that *Robbins Tire & Rubber Co. v. United States*, 462 F.2d 684 (5th Cir.1972), *cert. denied*, 410 U.S. 913, 93 S.Ct. 964, 35 L.Ed.2d 278 (1973), is persuasive authority. In *Robbins Tire*, the taxpayer contended that ¶ 3(b) of Form 656 was ambiguous, and he sought to introduce parol evidence of *prior* agreements under the ambiguity exception to the parol evidence rule. The Keatings argue that the parol evidence rule is not applicable to this action because the agreements at issue postdate the execution of the Form 656. As such, the Keatings claim that *Robbins Tire* has no bearing on the resolution of the issues before the Court.

The government contends that the Keatings' agreement with the IRS was completely integrated and wholly unambiguous and that the writings themselves were the only competent evidence of the agreement. Therefore, the government argues, parol evidence cannot be considered by the Court for the purposes of varying or contradicting ¶ 3(b) of the Offer in Compromise Form 656.

 The writings, taken as a whole, reasonably appear to be a complete agreement. The oral agreement at issue apparently occurred between January 14, 1988, when the IRS notified Fritz that the collateral agreement on future income would be required, and February 10, 1988, when the IRS notified Fritz that the IRS would accept the $30,000 from the Keatings. Wilson's February 10, 1988, letter to Fritz concludes: "If an amended offer of $30,000 cash upon notice of acceptance can be arranged, please have your clients address a letter to this office amending the amount of the offer." (Exhibit No. 21). Subsequently, the Keatings submitted a letter to Mr. Wilson dated February 24, 1988, which read:

As a follow-up to your letter dated February 10, 1988, to our legal counsel, we are forwarding this correspondence which is intended *to amend the offer in*

*compromise which we submitted to your office on or about September 9, 1987.* The purpose of this amendment is to increase the amount of our cash offer from $21,000 to $30,000, which shall be due and payable upon receipt of notice from your office that the amended offer is acceptable to the IRS. In consideration for increasing the amount of the cash offer it is our understanding that no collateral agreement for future income will be required.

(Exhibit No. 22) (emphasis supplied). This letter clearly refers back to the Form 656 offer in compromise and speaks only of amending the amount of the offer rather than changing any of its conditions. Mr. Fritz' deposition also reveals that at no time in these negotiations was the elimination of ¶ 3(b) specifically discussed (100:19–101:1). The Court agrees with the magistrate judge that the evidence does not support the Keatings' contention that ¶ 3(b) was superseded by subsequent oral or written agreements.

■ Even assuming that an oral agreement existed between the parties that attempted to supersede Form 656, an oral agreement with the Internal Revenue Service with respect to federal income tax liability cannot bind the government. *Boulez v. Commissioner,* 810 F.2d 209, 213–16 (D.C.Cir.), *cert. denied,* 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987). The Internal Revenue Code and the Treasury regulations specifically require a written offer and acceptance of an offer in compromise. *Id.* at 213. The parties negotiated the offer in compromise subject to the terms of these regulations. Furthermore, these treasury regulations support the magistrate judge's reliance on *Robbins Tire,* in which the Fifth Circuit held that parol evidence was inadmissible to vary or contradict the provisions of an unambiguous offer in compromise. *Robbins Tire,* 462 F.2d at 687–88. The magistrate judge properly looked to *Robbins Tire* and correctly found that the Keatings had presented no competent evidence of an amendment to the offer in compromise.

As the evidence supports the magistrate judge's finding that Form 656 is binding on the plaintiff, the Court will adopt the magistrate judge's report and recommendation and will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment. An order in conformity with this memorandum opinion will issue this date.