In re Dale D. JONES and Leah Jones, Debtors.

Dale D. JONES and Leah Jones, Plaintiffs,

v.

UNITED STATES of America, Internal Revenue Service, Defendants.

Bankruptcy No. 95–01380.
Adv. No. 95–6140.

United States Bankruptcy Court,
D. Idaho.

June 7, 1996.

Brent T. Robinson, Ling, Nielsen and Robinson, Rupert, Idaho, for Plaintiffs.

Richard R. Ward, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendants.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

*Background.*

This adversary proceeding is brought by the Plaintiffs Dale and Leah Jones, as Chapter 13 debtors (hereafter "Debtors"), against the Internal Revenue Service (hereafter "the IRS") seeking a determination from the Court that Debtors are no longer liable for certain taxes. The matter is before the Court after a hearing held on April 25, 1996, at which the Court took under advisement the parties' cross-motions for summary judgment. F.R.B.P. 7056. After review of the record herein, together with the arguments of the parties, the Court concludes that the IRS motion for summary judgment should be granted, and the Debtors' motion should be denied. This Memorandum constitutes the Court's findings of fact and conclusions of law. F.R.B.P. 7052.

*Facts.*

The following material facts are undisputed. On December 24, 1987, Debtors submitted an "Offer in Compromise" to the IRS seeking to compromise their federal tax liabilities for tax years 1975 through 1979. Debtors offered to pay $139,466.00 to satisfy a tax liability the IRS claimed totaled over $287,000.00. In effect, Debtors sought forgiveness of accrued interest and penalties in consideration of their agreement to pay the amount of the underlying tax. As is required by the regulations, Debtors submitted certain financial and other written information to the IRS in connection with the Offer concerning their assets, debts and ability to pay the taxes. In 1989, the IRS accepted Debtors' Offer in Compromise, and Debtors thereafter paid the IRS the compromise amount.

On April 13, 1994, a criminal indictment was secured by the Government against Dale

Jones in the United States District Court for the District of Idaho. Count I of the indictment alleged in relevant part that:

> On or about October 1, 1979, and continuing to about August, 1989, in the District of Idaho, Dale D. Jones, a resident of Pocatello, Idaho, did willfully attempt to evade and defeat the payment of a large part of over $287,000.00 in income tax due and owing by him to the United States of America for the calendar years 1975 through 1979 1) by concealing his ability to pay, 2) by making false statements to representatives of the IRS and 3) by submitting false documents to the IRS.
>
> In violation of Title 26, United States Code, Section 7201.

*See* Indictment, attached as Exhibit A to Affidavit of Rick Budd filed April 11, 1996. On July 18, 1994, Dale Jones entered a voluntary guilty plea to Count I and admitted that all material allegations of Count I were true and that he had violated 26 U.S.C. § 7201.[1] *See* Transcript of Change of Plea Hearing, attached as Exhibit C to Declaration of Richard Ward filed April 11, 1996. On November 28, 1994, the IRS revoked acceptance of the Offer in Compromise under authority of 26 C.F.R. § 301.7122–1(c)(1) on the grounds that Debtors had falsified documents and concealed assets in connection with submission of the Offer. As a result, on April 3, 1995, the IRS reassessed the Debtors' tax liability which consists of, in the largest part, the accrued interest on the tax previously paid.

On May 11, 1995, Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. On June 19, 1995, the IRS filed a proof of claim in Debtors' bankruptcy proceeding for $411,318.98 for penalties and interest for tax years 1975 through 1979. In the bankruptcy case, Debtors have objected to the proof of claim, and also filed a motion to determine whether the IRS claim is secured or unsecured. Debtors also then commenced this adversary proceeding.

The parties filed cross-motions for summary judgment. By the motions, the IRS seeks recognition of its right to reopen and revoke the Offer in Compromise, and to establish Debtors' tax liabilities as stated in the IRS's proof of claim. Debtors seek a determination that the Offer and Compromise is valid and binding upon the IRS, and thus, that they have satisfied the entire tax obligation, and owe the IRS nothing further. *Discussion.*

Summary judgment is appropriate only if the evidence, viewed in the light most favorable to the non-moving party, shows that there are no genuine issues as to any material fact, and that the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c); *Hopkins v. Andaya*, 958 F.2d 881, 884 (9th Cir.1992); *In re Keller*, 95 I.B.C.R. 164.

■ The regulation critical to resolution of this dispute provides in pertinent part that:

> (a) ... [t]he Commissioner may compromise any civil or criminal liability arising under the internal revenue laws ....
>
> ....
>
> (c) ... Neither the taxpayer nor the Government shall, upon acceptance of an offer in compromise, be permitted to reopen the case except by reason of (1) falsification or concealment of assets by the taxpayer, or (2) mutual mistake of a material fact sufficient to cause a contract to be reformed or set aside.

26 C.F.R. § 301.7122–1(a), (c). When a taxpayer and the Government enter into a compromise, both parties are bound by that agreement. *United States v. McCorkle*, 94–2 ustc ¶ 50,450, 1994 WL 317702 (N.D.Ill.1994). However, as authorized by the regulation, a compromise may be reopened and revoked upon a showing of falsification or concealment of assets. 26 C.F.R. § 301.7122–1(c)(1).

■ In this case, the IRS contends that because Debtor Dale Jones pled guilty to submitting falsified documents and concealing assets in connection with the Offer in Compromise, it has the authority under 26 C.F.R. § 301.7122–1(c)(1) to reopen Debtors' tax liability and to revoke the compromise

---

**1.** "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof" is guilty of a felony. 26 U.S.C. § 7201.

agreement. Debtors do not dispute that Dale Jones falsified documents and concealed assets. Debtors assert, however, that the IRS must prove Dale Jones committed "fraud" before it can revoke the Offer in Compromise. As a necessary element of this showing, Debtors contend that the IRS must prove it reasonably relied upon the accuracy and completeness of the information Debtors supplied. Debtors point to evidence in the record that at the time the IRS agreed to the compromise, IRS agents strongly suspected the information submitted by Debtors may be unreliable.[2] Therefore, Debtors conclude, the IRS did not reasonably rely upon this information, and cannot prove Debtors defrauded the IRS.[3]

Debtors cite four cases in support of the proposition that the IRS must prove fraud in order to reopen the Offer and Compromise. See *Jones v. IRS*, 795 F.2d 566, 86–2 ustc ¶ 13,675 (6th Cir.1986); *Timms v. United States*, 678 F.2d 831, 82–2 ustc ¶ 9426 (9th Cir.1982); *Waller v. United States*, 767 F.Supp. 1042, 91–1 ustc ¶ 50,288 (E.D.Cal. 1991); *McCorkle*, 94–2 ustc at ¶ 50,450. However, these decisions do not stand for the proposition relied upon by Debtors. The cases make only loose reference to the term "fraud" as a ground to reopen an Offer and Compromise. Although it may appear that the decisions, in *dicta*, generally equate "falsification or concealment of assets" with "fraud", none of the cases cited determines the scope of this phrase in the context of reopening a taxpayer's tax liability subsequent to an Offer in Compromise agreement.

The cases cited do not employ the term "fraud" intending thereby to incorporate the elements of common law fraud into the regulation as Debtors suggest. Rather, they refer to fraud as a convenient substitute for the precise language of the regulations. Accordingly, this Court is unwilling to hold that the "falsification or concealment of assets" referred to in 26 C.F.R. § 301.7122–1(c)(1) compels the IRS to prove "fraud", and therefore reasonable reliance upon the false information, in order to revoke an Offer in Compromise.

Instead, the Court looks to the plain language of the regulation. 26 C.F.R. § 301.7122–1(c)(1) allows the IRS to reopen the case by reason of "falsification or concealment of assets by the taxpayer. . . ." If the information submitted by a taxpayer to the IRS in connection with a proposed Offer in Compromise is in fact false, or if the taxpayer in fact conceals assets in this process, the regulation's requirement is satisfied, regardless of the taxpayer's intent or motive or whether the IRS reasonably relied upon the accuracy of the taxpayer's representations. If the drafters of the regulations intended additional requirements for revocation of a compromise, they could have easily stated them in the regulation.

In this case, Dale Jones admitted he violated 26 U.S.C. § 7201 and that the material allegations in Count I of the criminal indictment to which he pled guilty were true.[4] The issue is whether concealing his ability to pay, making false statements to representatives of the IRS, and submitting

---

**2.** Strong evidence of the IRS skepticism about the accuracy of Debtors' information submitted with the Offer is found in a Revenue Officer's written report wherein she recommends that the IRS accept the compromise offer because of probable difficulties in collecting the taxes from Debtors, but that the IRS "pursue the question of fraud" by further investigation. See Exhibit D, attached to Affidavit of Dale D. Jones, filed April 12, 1996.

**3.** One problem with Debtors' argument from the perspective of the record is that Dale Jones may have expressly admitted he did commit "fraud" in connection with the offer to the IRS, based upon the statements of his counsel in the criminal proceedings that:

The Defendant did, in fact, as stated in Count I in the state of Idaho engage in fraud by con-

cealing his ability to pay, by making false statements to the Internal Revenue Service and by submitting false documents to the Internal Revenue Service.

Transcript of Change of Plea Hearing, attached as Exhibit C to Declaration of Richard R. Ward, at pg. 23.

**4.** While here Dale Jones expressly admitted the truth of these allegations in open Court, his entry of guilty plea to the indictment constitutes, as a matter of law, a legal admission that all material allegations of the indictment are true. *United States v. Mathews*, 833 F.2d 161, 163 (9th Cir. 1987), citing *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969).

false documents to the IRS, are the same thing as a "falsification or concealment of assets" by Debtor. This Court concludes that they are. Therefore, the IRS is entitled to reopen and revoke the Offer in Compromise pursuant to 26 C.F.R. § 301.7122–1(c)(1).

Next, Debtors cite several cases in support of the proposition that the Offer in Compromise is a contract governed by generally applicable rules of contract law, and therefore, under the facts of this case, the IRS cannot now rescind the agreement. *See Timms v. United States,* 678 F.2d 831 (9th Cir.1982); *Keating v. United States,* 92–1 ustc ¶ 50,178, 1992 WL 110535 (1992); *United States v. Feinberg,* 372 F.2d 352 (3rd Cir.1965); *United States v. Lane,* 303 F.2d 1 (5th Cir.1962). All of the cases cited, however, involve disputes over interpretation of the terms of the compromise agreements, unlike the present case where the terms of the agreement are not contested.

Again, in this case, the IRS seeks to revoke the entire Offer in Compromise pursuant to 26 C.F.R. § 301.7122–1(c). This regulation is an implicit component of every compromise agreement entered into by the IRS and governs the outcome here. Once the regulation is satisfied, the IRS can reopen and revoke the compromise.

■ Finally, Debtors cite this Court's decision in *In re McCarron,* 94 I.B.C.R. 52, in support of their assertion that even if the Offer in Compromise is set aside for Dale Jones, it cannot be set aside as to Leah Jones because she is not responsible for her husband's fraud. In *McCarron,* a husband and wife each filed individual chapter 7 petitions. Prior to filing their petitions, a bank had obtained a judgment against them based upon the wife's fraudulent conduct. Accordingly, in the wife's bankruptcy proceeding, the judgment was held nondischargeable. The issue in *McCarron* was whether the fraud of the wife could be imputed to the husband and the debt held nondischargeable in his bankruptcy proceeding. This Court refused to impute the fraud.

In the present case, however, the IRS is not seeking a determination that the debt in Debtors' bankruptcy proceeding is nondischargeable; rather, it seeks to revoke an Offer in Compromise of Debtors' tax liability under 26 C.F.R. § 301.7122–1(c)(1) obtained by falsification of documents and concealment of assets. It is not necessary for the Court to determine whether Mrs. Jones actively participated in fraudulent representations or conduct, or whether her husband's conduct should be "imputed" to her. This is because the clear intent of the regulation is to allow the IRS to void *agreements* procured through such conduct. Prohibiting the IRS from doing so would be inconsistent with that intent. If an Offer in Compromise is secured by submission of any false information, grounds exist to set it aside. At best, Leah Jones is losing the advantage of a compromise which was tainted in the first instance. This Court finds no injustice in denying her the benefit of a bargain achieved by such conduct. The Court concludes that the IRS acted properly in reopening and revoking the Offer in Compromise as to both Debtors.

■ In addition, the Court concludes that there is no genuine issue of material fact with respect to the amount owed by Debtors to the IRS. The IRS has, through its proof of claim and supporting materials, shown *prima facie* evidence of the amount of its claim. *See* F.R.B.P. 3002(f) (proof of claim executed and filed in accordance with Rules constitutes prima facie evidence of the validity and amount of the claim); *United States v. Janis,* 428 U.S. 433, 440–441, 96 S.Ct. 3021, 3025–3026, 49 L.Ed.2d 1046 (1976); *Gentry v. United States,* 962 F.2d 555, 557 (6th Cir. 1992); *United States v. Chila,* 871 F.2d 1015 (11th Cir.1989); *Anderson v. United States,* 561 F.2d 162, 165 (8th Cir.1977) (all holding that an assessment for taxes, when properly certified, is presumptively correct evidence of a taxpayer's liability and satisfies Government's burden of proof). Here, the IRS has offered both its proof of claim in the bankruptcy case, and a certificate of assessment in support of the amount due from Debtors.[5]

---

**5.** While the proof of claim and certificate of assessment show different amounts due on the

taxes, it is obvious to the Court that the proof of

Debtors offer no competent evidence to contest this amount, and no genuine issue of material fact exists which would prevent summary judgment in favor of the IRS.

However, there is no basis in the record for the Court to conclude whether the IRS claim in the bankruptcy case is secured or unsecured. A determination as to that issue may be made in connection with Debtors' pending motion to determine secured status and need not prevent entry of a final order in this adversary proceeding.

*Conclusion.*

The IRS motion for summary judgment should be granted. Debtors' motion for summary judgment should be denied. F.R.B.P. 7056. Dale Jones admitted to violating 26 U.S.C. § 7201 and to concealing assets from, and submitting false documents to, the IRS. Accordingly, the Court finds that the IRS is entitled to entry of summary judgment declaring that they are authorized as a matter of law to reopen and revoke the Offer in Compromise pursuant to 26 C.F.R. § 301.7122–1(c)(1), and fixing the amount of the IRS claim at that sum set forth in its proof of claim filed in the bankruptcy case. The Court makes no finding concerning the extent to which the IRS claim is secured and unsecured.

Counsel for the IRS should submit an appropriate order and final judgment for entry by the Court, which order/judgment has been approved as to form by Debtors' counsel.

claim includes additional interest accruing on    the obligation to the date of bankruptcy.