**Michael J. ROBERTS, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 00–1265.**

United States Court of Appeals, Federal Circuit.

March 13, 2001.

J. Joseph Raymond III, of St. Louis, MO, argued for plaintiff-appellant.

A. Wray Muoio, Attorney, Tax Division, Department of Justice, argued for defendant-appellee. With her on the brief was Paula M. Junghans. Acting Assistant Attorney General. Of counsel was Gilbert S. Rothenberg.

Before LOURIE, CLEVENGER, and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

Michael J. Roberts appeals from the order of the United States District Court for the Eastern District of Missouri granting the government's motion to transfer his case to the Court of Federal Claims pursuant to 28 U.S.C. § 1631. *Roberts v. United States*, No. 4:99CV0489 (E.D.Mo. Oct. 29, 1999). Section 1292 of title 28 of the United States Code grants this court jurisdiction to review such an interlocutory order. 28 U.S.C. § 1292(d)(4)(A) (1994). Because we hold that concurrent jurisdiction exists in both the district court and the Court of Federal Claims pursuant to 28 U.S.C. § 1346(a)(1), we reverse the transfer order and remand to the district court.

I

Roberts's case involves an Offer in Compromise ("OIC") between himself and the Internal Revenue Service ("IRS"). Roberts originally negotiated an OIC with the IRS to satisfy his unpaid federal tax liability for the years 1989–1993. Although Roberts's tax liability for the years in question totaled approximately $124,000, the OIC stipulated that he would pay $30,000. The IRS accepted the OIC in

September 1994, subject to certain provisions, including the requirement that Roberts file and pay all taxes due for the next five years, and agree to forfeit any refunds for tax periods ending on or before the end of the 1994 calendar year.

In January 1997, the IRS accused Roberts of violating the terms of the OIC. Eventually, the IRS terminated the OIC entirely, thereby again making Roberts liable for his unpaid federal tax liability for the 1989–1993 timeframe. Roberts asserts, and the government at oral argument did not contest, that Roberts paid all or a substantial portion of his back tax liability, totaling approximately $150,000. Roberts then filed administrative claims for a refund for each of the years in question, attaching a letter to each claim stating that a refund was due because he had substantially complied with the original OIC. The letter also asserted various contractual claims against the IRS, including breach of contract, abuse of discretion, the doctrine of substantial performance, and the doctrine of waiver. Roberts contends that because he substantially complied with the OIC, the OIC contract should not have been terminated, and therefore he is entitled to a refund of the taxes paid beyond the $30,000 stipulated in the OIC.

## II

■ The United States, as a sovereign, may not be sued without its consent. *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Thus, in order to maintain a claim against the government, an explicit waiver of sovereign immunity is required. *Testan,* 424 U.S. at 399, 96 S.Ct. 948. Roberts claims that the government's alleged breach of the OIC agreement led to an erroneous or illegal collection of taxes. Therefore, Roberts filed suit in district court alleging jurisdiction under 28 U.S.C. § 1346(a)(1), which provides a waiver of sovereign immunity in

a civil action for the recovery of taxes erroneously or illegally collected:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

28 U.S.C. § 1346(a)(1) (1994). Section 1346(a)(1) provides concurrent jurisdiction for tax recovery suits in both U.S. district courts and the Court of Federal Claims.

■ There are three additional jurisdictional prerequisites to filing a tax refund suit in a United States district court. First, the taxpayer must fully pay the tax in question. *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Second, the taxpayer must file a proper and timely administrative claim for a refund with the IRS. 26 U.S.C. § 7422(a) (1994). Third, the administrative claim must be either disallowed or not acted upon within six months after it was filed with the IRS. 26 U.S.C. § 6532(a)(1) (1994). Roberts alleges, and the government does not contest, that he has satisfied these jurisdictional prerequisites.

However, the government argues that because all of Roberts's claims allege various contractual theories, this suit is more properly characterized as a contractual claim against the government. Section 1491 of title 28 of the U.S.Code ("the Tucker Act") grants jurisdiction to the Court of Federal Claims for "any claim against the United States founded ... upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (1994). By contrast, 28 U.S.C. § 1346(a)(2) ("the Little Tucker Act") grants concurrent jurisdiction to both U.S. district courts and the Court of Federal Claims for contractu-

al claims against the United States not exceeding $10,000. Because Roberts's claim exceeds $10,000, the Tucker Act provides that jurisdiction would be proper only in the Court of Federal Claims if the action is based upon a contract.

■ The OIC between Roberts and the IRS settling Roberts's tax liability for the years in question is certainly an express contract between the government and Roberts. Roberts's complaint incorporated the grounds for relief stated in his administrative claims for a refund, which alleged a variety of contractual causes of action against the government. Additionally, as the district court pointed out, the parties agreed that contract theory applies to the interpretation of the OIC agreement. *Roberts,* slip. op. at 4. Thus, the disposition of the case will turn upon an interpretation of the OIC contract.

■ However, a specific grant of jurisdiction to the district courts via another statute is not trumped by the Tucker Act. For example, in *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), the Supreme Court found that the district court's jurisdiction to award relief under the Administrative Procedure Act, 5 U.S.C. § 702, was not barred by the fact that the purely monetary aspects of the case could have been decided in the Claims Court (now the Court of Federal Claims). *Bowen,* 487 U.S. at 911, 108 S.Ct. 2722. *Bowen* debunks the notion that the Tucker Act's grant of jurisdiction is *always* an exclusive grant of jurisdiction to the Court of Federal Claims:

> It is often assumed that the [Court of Federal Claims] has exclusive jurisdiction of Tucker Act claims for more than $10,000. (Title 28 U.S.C. § 1346(a)(2) expressly authorizes concurrent jurisdiction in the district courts and the Claims Court for claims under $10,000.) That assumption is not based on any language in the Tucker Act granting such exclusive jurisdiction to the Claims Court. *Rather, that court's jurisdiction is "exclusive" only to the extent that Congress*

> *has not granted any other court authority to hear the claims that may be decided by the Claims Court.*

*Bowen,* 487 U.S. at 910 n. 48, 108 S.Ct. 2722 (emphasis added). Thus, if section 1346(a)(1) does provide for jurisdiction in U.S. district court, the mere fact that the Tucker Act may *also* provide jurisdiction in the Court of Federal Claims does not automatically trump the jurisdictional grant of section 1346.

■ The government argues that this action is "at its essence" a contract action. In determining whether a claim falls within the exclusive jurisdiction of the Court of Federal Claims, courts must look to the true nature of the action, instead of merely relying on the plaintiff's characterization of the case. *Katz v. Cisneros,* 16 F.3d 1204, 1207 (Fed.Cir.1994). "It is well-settled that 'a plaintiff ... should not be allowed to avoid the jurisdictional (and hence remedial) restrictions of the Tucker Act by casting its pleadings in terms that would enable a district court to exercise jurisdiction under a separate statute.'" *Williams v. Sec'y of Navy,* 787 F.2d 552, 557–58 (Fed.Cir.1986) (quoting *Megapulse, Inc. v. Lewis,* 672 F.2d 959, 967 (D.C.Cir.1982)). Typically, such cases involve a plaintiff claiming he or she is seeking equitable or prospective relief, when the relief is actually more properly viewed as money damages. *See, e.g., Brazos Elec. Power Coop., Inc., v. United States,* 144 F.3d 784 (Fed. Cir.1998).

In the present case, the issue is whether this is really a contractual case that the plaintiff has attempted to plead as a tax refund case. Certainly, Roberts's claim involves contractual issues. However, the mere fact that a contract is involved does not end our inquiry:

> The answer to the sovereign immunity and jurisdiction questions depends not simply on whether a case involves contract issues, but on whether, *despite the presence of a contract,* plaintiffs' claims are founded *only* on a contract, or

whether they stem from a statute or the Constitution.

*Katz,* 16 F.3d at 1209 (Fed.Cir.1994) (emphasis added) (quoting *Transohio Sav. Bank v. Dir., OTS,* 967 F.2d 598, 609 (D.C.Cir.1992)).

Roberts is not requesting, for example, damages from the government for breach of contract, which would constitute a claim based purely upon a government contract. Certainly, the district court does not have jurisdiction over *additional* contract claims Roberts may wish to assert against the government under the terms of the OIC. Section 1346(a)(1) of title 28 of the U.S.Code refers only to a refund of taxes paid under the internal-revenue laws. 28 U.S.C. § 1346(a)(1) (1994). "To the extent that [plaintiff] has raised contract claims against [defendant government agency] in its complaint, contract remedies are not available.". *Katz,* 16 F.3d at 1210 (allowing for suit to be filed in the district court under the APA, but specifying that contract remedies were not available).

Instead, Roberts has paid taxes that he alleges were illegally or erroneously collected. Tax cases heard in the district courts often involve offers in compromise, the use of which appears to be a regular practice of the IRS. *See, e.g., Keating v. United States,* 794 F.Supp. 888 (D.Neb. 1992); *Waller v. United States,* 767 F.Supp. 1042 (E.D.Cal.1991). The fact that the alleged collection error stems from the cancellation of Roberts's OIC contract with the IRS does not negate the fact that the monies at issue were paid pursuant to the internal-revenue laws.

The government also argues that this case is not a "tax refund" case because Roberts is not contesting the *amount* of taxes owed. However, 28 U.S.C. § 1346(a)(1) broadly refers to "any sum alleged to have been excessive *or in any manner wrongfully collected.* ..." 28 U.S.C. § 1346(a)(1) (1994) (emphasis added). This phrase within the statute should not be reduced to mean only "alleged to have been excessive." Situations exist wherein the collection of taxes is wrongful, even though the amount of taxes owed is not contested. For example, collections made upon an assessment which occurred after the expiration of the statute of limitations found in 26 U.S.C. § 6501 are "wrongful collections," even though the taxpayer is not asking for a recomputation of the tax liability owed.

Roberts requests a refund of monies paid pursuant to the internal-revenue laws. Roberts contends that these tax monies were erroneously or illegally collected. The parties do not contest that Roberts has satisfied the additional jurisdictional requirements for a tax refund suit: (1) he has paid the taxes allegedly owed; (2) he has properly filed administrative claims for a refund; and (3) his refund claims have been disallowed. District court jurisdiction over his case pursuant to 28 U.S.C. § 1346(a)(1) is therefore proper. For these reasons, we reverse the decision transferring this action to the Court of Federal Claims, and remand the case for further proceedings consistent with this opinion.

COSTS

No costs.

REVERSED AND REMANDED.