**Stanley WONG & Lo Lim Lau, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 00–774–C.

United States Court of Federal Claims.

June 14, 2001.

Stanley Wong and Lo Lim Lau, Flushing, N.Y., pro se plaintiffs.

G. Robson Stewart, United States Department of Justice, Tax Division, Washington, D.C., for respondent, with whom were Acting Assistant Attorney General Claire Fallon, Chief Mildred L. Seidman, and Assistant Chief David Gustafson.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

Pro se plaintiffs Stanley Wong and Lo Lim Lau filed this action appealing the United States Tax Court's decision upholding defendant's deficiency assessment against plaintiffs for the 1993 and 1994 fiscal years. Defendant filed a motion to dismiss, maintaining that this court lacks subject matter jurisdiction under rule 12(b)1 of the Rules of the Court of Federal Claims (RCFC).

For the reasons set forth below, the court allows defendant's motion.

## BACKGROUND

Stanley Wong and Lo Lim Lau were restauranteurs during the 1993 and 1994 tax years. On July 22, 1998 they received a notice of deficiency with respect to adjustments for their 1993 and 1994 tax years from defendant, the United States, acting through the Commissioner of Internal Revenue. Plaintiffs timely filed a petition in the United States Tax Court on August 5, 1998, alleging that the government erroneously calculated their business tip income. After a trial upon the merits, the Tax Court issued an opinion

favoring defendant. *See Stanley & Lo Lim Lau Wong v. Commissioner of Internal Revenue,* No. 13564–98S (T.Ċ. Feb. 28, 2000). Unsatisfied with this ruling, plaintiffs filed a complaint before this court on December 21, 2000, appealing the decision of the Tax Court and requesting that defendant's $7,831 deficiency and penalty assessment for the 1993 and 1994 tax years be vacated. Defendant submitted a motion to dismiss the complaint on February 20, 2001.

## DISCUSSION

The United States Court of Federal Claims is a court of limited jurisdiction. *See* 28 U.S.C. § 1491 (1999). Its authority to hear cases emanates from the Tucker Act, 28 U.S.C. § 1491. When the court lacks subject matter jurisdiction, claims are dismissed pursuant to Rule 12(b)1 of the RCFC. A 12(b)1 motion requires that all allegations be construed in a light most favorable to the non-moving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The non-moving party bears the burden of showing that the court has jurisdiction. *Flathead Joint Bd. of Control v. United States,* 30 Fed.Cl. 287, 292 (1993). The Court of Federal Claims' jurisdiction to review civil actions arising from tax related matters is provided by section 1346 of title 28 U.S.C., which provides this court with jurisdiction over "[a]ny civil action against the United States for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1) (1999).

Defendant contends that this court lacks subject matter jurisdiction over plaintiffs' suit under § 6512(a) of the Internal Revenue Code, which states:

Effect of petition to Tax Court.—If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) (or 7481(c) with respect to a determination of statutory interest or section 7481(d) solely with respect to a determination of estate tax by the Tax Court), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Tax Court which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive, and

(4) As to overpayments attributable to partnership items, in accordance with subchapter C of chapter 63, and

(5) As to any amount collected within the period during which the Secretary is prohibited from making the assessment or from collecting by levy or through a proceeding in court under the provisions of section 6213(a); and

(6) As to overpayments the Secretary is authorized to refund or credit pending appeal as provided in subsection (b).

26 U.S.C. § 6512(a) (1999). The clear meaning of the statute, when combined with the operative facts of the instant matter, evidence that plaintiffs' claim does not fall under the exceptions provided for under 26 U.S.C. § 6512(a). Plaintiffs timely filed their petition with the Tax Court, and received an

**555**

unfavorable decision from that court. As plaintiffs do not fall under the exceptions provided under 26 U.S.C. § 6512(a), it is clear that they are barred under that statute from filing their claim before the Court of Federal Claims. "There is no provision that a suit in [the Court of Federal Claims] against the United States may be prosecuted if the suit in another court against an agent of the United States is dismissed by final adjudication upon the merits." *British American Tobacco Co. v. United States*, 89 Ct.Cl. 438, 441 (1939). Decisions issued by the Tax Court may not be appealed before this court as "[t]he United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court." 26 U.S.C. § 7482(a)(1) (1999).

By contrast, the Court of Federal Claims lacks appellate review authority from other courts,[1] this power having been shifted from the old Court of Claims, later known as the Claims Court, to the Court of Appeals for the Federal Circuit in 1982. *See* Federal Courts Improvement Act, Pub.L. No. 97–164, § 127, 96 Stat. 25, 35–36 (1982). In short, statutes 26 U.S.C. § 6512, 28 U.S.C. § 1500, 26 U.S.C. § 7482, and Pub.L. No. 97–164 bar plaintiffs from bringing their present claim before this court.

## CONCLUSION

For the above mentioned reasons, defendant's motion to dismiss is hereby *ALLOWED*. The clerk of the court shall dismiss the instant case. Each party shall bear their own costs.

**IT IS SO ORDERED.**

---

1. Under the Tucker Act, the Court of Federal Claims may review "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The federal district courts and the Court of Federal claims have concurrent jurisdiction over tax refund suits under 28 U.S.C. § 1346(a)(1) and 28 U.S.C. § 1491. *See, e.g., Daniels v. United States,* 1999 U.S. Claims LEXIS 122, at *7, 1999 WL 302450 at *3 (Fed.Cl. April 14, 1999). The Court of Appeals for the Federal Circuit has clearly stated that the Court of Federal Claims does not

have jurisdiction to review a ruling by another federal court. *See, e.g., Acay v. United States,* 168 F.3d 1321 (Fed.Cir.1998). Thus, plaintiffs could have brought suit before either the United States Tax Court, prior to paying the assessment, or the Court of Federal Claims and federal district courts, for a refund after paying the assessment, to appeal the decision of the Commissioner of Internal Revenue. However, once plaintiffs filed with the Tax Court, the Court of Federal Claims' jurisdiction was barred. *See Spodek v. United States,* 44 Fed.Cl. 32, 41 (1999) (stating that "the same action filed in district court prior to being filed in the Court of Federal Claims divests the latter of jurisdiction").