# In the United States Court of Federal Claims

No. 19-1274T

(Filed: March 25, 2020)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **KAREN KRESS FUJITA,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **THE UNITED STATES,** | ) |
| | ) |
| *Defendant.* | ) |

## OPINION AND ORDER

On August 23, 2019, Plaintiff, Karen Kress Fujita, filed a complaint with this Court, alleging that she is owed $1,513,372.55 because "Defendant injured Plaintiff . . . by collecting assets without jurisdiction." Compl. at 1. Specifically, Ms. Fujita claims that "[t]he United States is involved knowingly and maliciously against plaintiff" and should therefore be required to pay her for "ill gotten gains." Compl. at 2.[1]

On October 22, 2019, the government filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). On November 6, 2019, Ms. Fujita filed a response to the government's motion to dismiss. On November 19, 2019, the government filed a reply in further support of its motion to dismiss.

---

[1] Although Ms. Fujita references certain U.S. Tax Court proceedings, *see* Compl. at 1 – and her complaint includes a U.S. Tax Court judgment as an exhibit – Ms. Fujita fails to explain how or why those Tax Court proceedings impact, or otherwise relate to, her claims before *this* Court. In the Tax Court matter, however, Ms. Fujita's claims against the Internal Revenue Service ("IRS") were dismissed, and, indeed, the Tax Court imposed a civil penalty because "the position of [Ms. Fujita was] frivolous or groundless." *Fujita v. IRS.*, No. 11361-18 at *1 (T.C. Aug. 13, 2018). Ms. Fujita also attaches to her complaint a variety of other tax-related documents, including, but not limited to, the IRS's motion to dismiss filed in Ms. Fujita's Tax Court case, various IRS lien and levy notices against certain of her assets, and other transaction statements of unexplained significance. The Court cannot, and does not, construe any of these additional documents – individually or collectively – to constitute a cognizable claim within this Court's jurisdiction.

For the reasons explained below, the government's motion is **GRANTED,** and Ms. Fujita's complaint is **DISMISSED**.[2]

The Court has a duty to ensure that it has jurisdiction over any claim presented. *See, e.g., St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). This means that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). With respect to the United States government, it cannot be sued absent its consent (*i.e.*, a waiver of sovereign immunity). *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, "except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction in the Court of [Federal] Claims more than in any other court to entertain suits against the United States.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *United States v. Herwood*, 312 U.S. 584, 587-588 (1941)).

Generally, "the jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). The bounds of the Court's jurisdiction under the Tucker Act are defined in 28 U.S.C. § 1491, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

In addition to vesting this Court with jurisdiction, the Tucker Act waives the sovereign immunity of the United States "[f]or actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions[.]" *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *see also United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). The Tucker Act, however, "does not create a substantive cause of action[.]" *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

The Tucker Act waives the government's sovereign immunity for lawsuits seeking tax refunds, but only when certain procedural requirements contained in the Internal Revenue Code

---

[2] The Court notes that a nearly identical lawsuit was filed with this Court by Ms. Fujita's husband, Mr. Gary Noboru Fujita, the day before this complaint was filed. *See Fujita v. United States*, No. 19-1263T (Fed. Cl. Aug. 22, 2019). The Court today, by separate order, similarly dismisses Mr. Fujita's case, as well. The Court also notes that both Mr. and Ms. Fujita, in their respective actions, failed to join each other, notwithstanding that each spouse may be a necessary party with respect to the other's claims. *Cf. Gorski v. United States*, 94 Fed. Cl. 253, 258-59 (2010).

("I.R.C.")[3] are satisfied. I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4-5 (2008). Thus, the requirements of I.R.C. § 7422 "impose[ ] . . . a jurisdictional prerequisite to a refund suit" which all tax refund plaintiffs in this Court must satisfy. *Chi. Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994); *see also Roberts v. United States*, 242 F.3d 1065, 1067 (Fed. Cir. 2001) (explaining that I.R.C. § 7422 imposes "jurisdictional prerequisites to filing a refund suit"). If all of the § 7422 requirements are not satisfied, this Court does not have subject matter jurisdiction over the tax refund claim, and the case must be dismissed. *See, e.g., Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993).

When a plaintiff is proceeding *pro se*, his or her pleadings are entitled to receive a more liberal construction than the Court would give to pleadings prepared by counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972). Giving a *pro se* litigant's pleadings a liberal construction, however, does not relieve a *pro se* plaintiff from the responsibility of satisfying this Court's jurisdictional requirements. *See Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019). Taking into consideration Ms. Fujita's *pro se* status by broadly construing her arguments – and, of course, assuming that all of her allegations are true, as the Court must at this stage – this Court nevertheless holds that none of Ms. Fujita's claims fall within our Court's jurisdiction.

First, Ms. Fujita's complaint contains claims which clearly are not within the jurisdiction of this Court. For example, the U.S. Court of Appeals for the Federal Circuit has held that the Court of Federal Claims does not possess jurisdiction over claims for damages flowing from the allegedly "unlawful" collection activities of the IRS. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (discussing I.R.C. § 7433(a)); *see Zolman v. United States*, 2018 WL 1664690, at *2 (Fed. Cl. April 6, 2018) (relying upon *Ledford*, 297 F.3d at 1382, and holding that the Court of Federal Claims does not possess subject-matter jurisdiction to consider damages claims resulting from allegedly unauthorized collection actions of the IRS). If Ms. Fujita's claims belong anywhere, in that regard, they must be filed in a United States district court. *See* I.R.C. §§ 7426(a)(1) (wrongful levy), 7432(a) (civil damages for failure to release lien), 7433(a) (civil damages for certain unauthorized collection actions); *Ledford*, 297 F.3d at 1382. Here, Ms. Fujita claims that "[t]he United States is involved knowingly and maliciously against plaintiff" and that the IRS "lacked jurisdiction to collect taxes from her." Compl. at 1-3. Ms. Fujita's belief that the IRS lacks the authority to collect taxes from her appears to be based on the fact that the Tax Court previously held that it lacked jurisdiction over her claims in that earlier case.[4] But, Ms. Fujita fundamentally confuses the Tax Court's jurisdiction over particular claims

---

[3] The Internal Revenue Code is Title 26 of the United States Code.

[4] The government highlights that Ms. Fujita's complaint is "one of a number of similar *pro se* actions filed in this Court since 2018 'filed by individuals challenging the jurisdiction of the IRS based, in part, on petitions previously dismissed by the U.S. Tax Court.'" ECF No. 5, Motion to Dismiss at 3 & n.4 (quoting *Sanders v. United States*, 145 Fed. Cl. 37, 38 (2019), and collecting cases). Accordingly, the government contends that "this line of argument is so 'palpably unsound' as to be frivolous." *Id.* at 7 (citing *Taylor v. United States*, 2019 WL 4298440 at *n.2 (Fed. Cl. Sep. 10, 2019) (quoting *Ledford*, 297 F.3d at 1382). At least in this case, the Court agrees with the government.

(or the lack thereof), on the one hand, and the IRS's authority to collect taxes, on the other. As noted above, claims challenging the IRS's authority to collect taxes do not fall within this Court's tax refund jurisdiction. As such, this Court does not possess subject-matter jurisdiction over Ms. Fujita's claim for alleged "ill gotten gains." Compl. at 2.

Second, even if Ms. Fujita's complaint plausibly could be construed as a tax refund claim within this Court's jurisdiction, her complaint nevertheless fails to satisfy the pleading requirements to maintain such an action. Even assuming Ms. Fujita had alleged that she paid her contested taxes "in full," *see Diversified Group Incorporated v. United States*, 841 F.3d 975, 981 (Fed. Cir. 2016) (citing *Flora v. United States*, 362 U.S. 145, 177 (1960)), she nevertheless failed to file a proper tax refund claim, a prerequisite for this Court's jurisdiction pursuant to I.R.C. § 7422(a). Prior to filing a tax refund suit in this Court, a would-be plaintiff must first timely file a tax refund claim with the IRS. *See* I.R.C. § 7422(a) ("[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary. . ."); *Strategic Hous. Fin. Corp. of Travis Cty. v. United States*, 608 F.3d 1317, 1324 (Fed. Cir. 2010) (holding that "a party seeking to recover any internal-revenue tax, penalty, or sum from the United States must pursue and exhaust its administrative remedies pursuant to the IRS's regulations prior to filing a complaint in federal court"); *Schiff v. United States*, 24 Cl. Ct. 249, 251 (1991) (internal citations omitted) ("It is well settled that the timely filing of an administrative refund claim with the IRS is a condition precedent for tax refund jurisdiction in the Claims Court.").

Taxpayers may file such claims with the IRS either formally or informally, provided that the form of the claims puts the IRS sufficiently on "notice" of the existence of such claims. *See Computervision Corp. v. United States*, 445 F.3d 1355, 1363-64 (Fed. Cir. 2006) (explaining that this requirement "is designed both to prevent surprise and to give adequate notice to the [IRS] of the nature of the claim and the specific facts upon which it is predicated, thereby permitting an administrative investigation and determination"), *cert. denied*, 549 U.S. 1338 (2007); *First Nat. Bank of Fayetteville, Ark. v. United States*, 727 F.2d 741, 744 (Fed. Cir. 1984). Ms. Fujita neither alleges that she filed, nor does she appear to have filed, any kind of tax refund claim with the IRS for any of the tax years to which her complaint relates. Accordingly, this Court lacks subject-matter jurisdiction over Ms. Fujita's complaint, even if it could be construed as seeking a tax refund.

Third, even if Ms. Fujita had complied with the statutory and regulatory prerequisites to filing a tax refund suit – which she did not – her complaint further fails to comply with RCFC 9(m). Pursuant to that Rule, a plaintiff's complaint in a tax refund suit in this Court must include "a copy of the claim for refund, and a statement identifying:"

> the tax year(s) for which a refund is sought; the amount, date, and place of each payment to be refunded; the date and place the return was filed, [ ] the name, address, and identification number of the taxpayer(s) appearing on the return; the date and place the claim for refund was filed; and the identification number of each plaintiff[.]

RCFC 9(m)(2)(A-B); *see Ellis v. United States*, 2020 WL 1081717 T *2 (Fed. Cir. Mar. 6, 2020) (discussing RCFC 9(m)'s "specific information requirement").

Here, not only does Ms. Fujita's complaint fail to include the requisite information pursuant to RCFC 9(m), her complaint also barely manages to refer to *any* specific information regarding what refund she seeks. For example, instead of indicating particular tax years for which she seeks a refund, Ms. Fujita's complaint simply alleges that the government collected $1,513,372.55 in taxes "without jurisdiction." Compl. at 1. Although that figure may represent the total sum of taxes she contests, that is insufficient to satisfy RCFC 9(m)'s specificity requirement. *Ellis*, 2020 WL 1081717 T at *2. As such, Ms. Fujita's complaint also is dismissed for failing to comply with RCFC 9(m).

Finally, to the extent that Ms. Fujita is asking this Court to review the decisions or actions of the Tax Court, we do not have jurisdiction to do so. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (noting that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts"); *Wong v. United States*, 49 Fed. Cl. 553, 555 (2001) (holding that "[d]ecisions issued by the Tax Court may not be appealed before this court").

For the foregoing reasons, the government's motion to dismiss Ms. Fujita's claim for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1), is **GRANTED**. Furthermore, Ms. Fujita's complaint also is **DISMISSED** pursuant to RCFC 9(m) and RCFC 41(b) for failing to comply with this Court's rules.[5] The Clerk is directed to enter judgment accordingly.

It is so **ORDERED.**

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[5] *See* RCFC 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."); *Van Vorst v. United States*, 2009 WL 1490587 at *2 (Fed. Cl. May 21, 2009) (noting that the Court may dismiss the plaintiff's complaint "pursuant to RCFC 41(b)" for failing to "comply with RCFC 9(m)").