# In the United States Court of Federal Claims

No. 20-829T

(Filed: December 4, 2020)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **ROBERT EDWIN KAY,** | ) |
| *Plaintiff,* | ) |
| **v.** | ) |
| **THE UNITED STATES,** | ) |
| *Defendant.* | ) |

## ORDER OF DISMISSAL

On July 6, 2020, Plaintiff, Robert Edwin Kay, a resident of Frisco, Texas, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl."). Mr. Kay alleged that the government "performed a taking of money from Plaintiff without jurisdiction" in the amount of $250,000.00 and included, without explanation, a United States Tax Court order (dated September 12, 2018) dismissing *Robert Edwin Kay v. Commissioner of Internal Revenue*, Docket No. 11971-18, for lack of jurisdiction. *Id.* at 2–3; ECF No. 1-2 ("Exhibit A"). The Complaint does not include any additional factual allegations or legal arguments to support Mr. Kay's claim.

On July 10, 2020, this Court issued a show cause order. ECF No. 6. In that order, the Court raised "serious concerns regarding whether it possesses subject-matter jurisdiction to entertain Mr. Kay's complaint given the complete absence of any factual assertions and the lack of explanation regarding how the Tax Court's Dismissal Order relates to Mr. Kay's claim in this Court." *Id.* at 2. The Court accordingly ordered Mr. Kay to file an amended complaint by Friday, July 31, 2020 "with a more fulsome explanation regarding why he believes that he is entitled to a money judgment from the United States" or, in the alternative, to file a status report by that date "to show cause why his pending complaint should not be dismissed." *Id.* The Court stayed the government's deadline to file a response pending further notice. *Id.*

The July 31, 2020 due date came and went without Mr. Kay's having filed an

amended complaint or a status report, as required by this Court's July 10, 2010 order. Since that time, Mr. Kay has failed to further prosecute his case against the government or to justify his non-compliance with this Court's order.

Pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, the court may dismiss on its own motion." *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss . . . for lack of prosecution has generally been considered an 'inherent power' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). A show cause order "provide[s] the plaintiff with sufficient notice that a dismissal is imminent and that failure to respond will likely be fatal to its case." *Coakley & Williams Constr., Inc. v. United States*, 2012 WL 2866291, *1 (Fed. Cl. Aug. 5, 2005) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986)). Here, Mr. Kay has failed both to prosecute his case against the government or comply with this Court's show cause order, thus warranting dismissal of his action.

Furthermore, this Court must dismiss this case for lack of subject matter jurisdiction based on the limited facts contained in Mr. Kay's Complaint presently before the Court. *See St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019) ("the court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not"). As noted previously in the show cause order, while this Court may hear claims seeking tax refunds, subject to certain procedural requirements, this Court does not have jurisdiction to review decisions or orders of the Tax Court. ECF No. 6 (citing *Wong v. United States*, 49 Fed. Cl. 553, 555 (2001)). Without additional factual allegations, this Court is left to presume that Mr. Kay's claim centers on an unfavorable judgment in the Tax Court, which we have no jurisdiction to review.

For these reasons, the Clerk's Office is directed to **DISMISS**, with prejudice, Plaintiff's Complaint.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge