NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KAREN KRESS FUJITA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1741

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01274-MHS, Judge Matthew H. Solomson.

-------------------------------------------------------------------

**GARY NOBORU FUJITA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1743

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01263-MHS, Judge Matthew H. Solomson.

————————————

Decided:  February 9, 2021

————————————

KAREN KRESS FUJITA, GARY NOBORU FUJITA, Seattle, WA, pro se.

JANET A. BRADLEY, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOAN I. OPPENHEIMER, RICHARD E. ZUCKERMAN.

————————————

Before PROST, *Chief Judge,* PLAGER and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Appellants Karen Kress Fujita and Gary Noboru Fujita ("Mrs. Fujita" and "Mr. Fujita") separately filed complaints in the United States Court of Federal Claims ("Claims Court") for damages resulting from allegedly improper tax collection actions by the government.  The Claims Court dismissed their cases for lack of subject matter jurisdiction. *See Gary Fujita v. United States*, No. 19-1263T, 2020 WL 1487645, at *1 (Fed. Cl. Mar. 25, 2020); *Karen Fujita v. United States*, No. 19-1274T, 2020 WL 1487647, at *1 (Fed. Cl. Mar. 25, 2020).  Given the substantial factual similarities between the two actions, we issue our ruling in a single opinion.  For the reasons explained below, we *affirm*.

BACKGROUND

In multiple years during the period spanning from 2003 to 2018, the Internal Revenue Service ("IRS") assessed tax liabilities for spouses Mr. and Mrs. Fujita. These liabilities were satisfied by a combination of

withholding tax, property levies, and transfers of overpayments from other tax years.

The Fujitas have filed multiple actions in the Tax Court, dating as far back as 1997.[1]  Appellants have also been unsuccessful in two appeals from Tax Court decisions in the Ninth Circuit.  Specifically, in June 2000, the Ninth Circuit affirmed the decision of the Tax Court sustaining the Commissioner's determination of deficiencies and additions to taxes owed for 1994 and 1995, and imposing a $1,000 penalty under I.R.C. § 6673 for maintaining a frivolous action. *Fujita v. Commissioner*, 225 F.3d 662 (9th Cir. 2000), *aff'g*, T.C. Memo. 1999-164, 1999 WL 301645 (Tax Ct. No. 252-98 – May 14, 1999).  And, in October 2017, the Ninth Circuit affirmed a decision of the Tax Court sustaining the IRS's proposed collection action for 2003 and 2009. *Fujita v. Commissioner*, 699 F. App'x 725 (9th Cir. 2017) (involving Mrs. Fujita only).

In 2019 and 2018, respectively, Mr. and Mrs. Fujita individually filed petitions in the Tax Court, each disputing that they received notices of deficiency and notices of determination concerning collection actions for several tax years.  Tax Ct. No. 269-19; Tax Ct. No. 11361-18.  In general, for the Tax Court to have jurisdiction over a petition, the IRS must have sent the taxpayer a notice of deficiency within 90 days before the petition was filed or have sent a final notice of determination concerning the collection action within 30 days before the petition was filed.  *See* I.R.C. § 6213(a); § 6330(d)(1).  Because neither petition alleged service of a notice of deficiency or a notice of collection within those time limits, the Commissioner moved to

---

[1]    Tax Ct. No. 8257-05 (2006 stipulated decision for unknown years); Tax Ct. No. 5885-00 (2000 dismissal of petition for failure to state a claim); and Tax Ct. No. 18917-97 (1997 dismissal for lack of jurisdiction as to unknown years).

dismiss the petitions for lack of jurisdiction. The Tax Court granted the government's motions, dismissing Mr. and Mrs. Fujita's petitions.  Tax Ct. No. 296-19 at Doc. 14; Tax Ct. No. 11361-18 at Doc. 9; *see* I.R.C. § 6213(a), § 6330(d)(1).

In 2019, Mr. and Mrs. Fujita filed complaints in the Claims Court citing these Tax Court decisions (No. 269-19 and No. 11361-18) and seeking over $3.2 million and over $1.5 million in damages, respectively.  The Fujitas both alleged that the government is "involved knowingly and maliciously" against them, and that it "should be required to pay [them] for wrongful actions" and "for ill gotten gains." *See Gary Fujita*, 2020 WL 1487645, at \*1; *Karen Fujita*, 2020 WL 1487647, at \*1.  The Fujitas attached to their complaints a copy of the Tax Court's decision in their corresponding case (No. 269-19 and No 11361-18) along with several "other tax related documents," including IRS lien and levy notices against their assets and "other transaction statements." *See Gary Fujita*, 2020 WL 1487645, at \*1 n.1; *Karen Fujita*, 2020 WL 1487647, at \*1 n.1.  The government moved to dismiss the complaints for lack of subject matter jurisdiction.

The Claims Court granted the government's motion to dismiss in both cases.  At the outset, the court stated that it was unclear how the exhibits attached to the complaint related to the claims before the court. *See Gary Fujita*, 2020 WL 1487645, at \*1 n.1; *Karen Fujita*, 2020 WL 1487647, at \*1 n.1.  The Claims Court then held that it did not have jurisdiction over the claim for damages based on allegedly "unlawful collection activities by the IRS." *See Gary Fujita*, 2020 WL 1487645, at \*3; *Karen Fujita*, 2020 WL 1487647, at \*3.  In doing so, the court explained that the taxpayer "fundamentally confuses the Tax Court's jurisdiction over particular claims (or lack thereof), on the one hand, and the IRS's authority to collect taxes, on the other." *See Gary Fujita*, 2020 WL 1487645, at \*3; *Karen Fujita*, 2020 WL 1487647, at \*3.  The court explained that,

if the claims "belong anywhere," they belong in a federal district court, which has exclusive jurisdiction over suits requesting relief related to levies (I.R.C. § 7426(a)(1)), liens (I.R.C. § 7432(a)) and other unauthorized collection actions (I.R.C. § 7433(a)).  *See Gary Fujita*, 2020 WL 1487645, at *3; *Karen Fujita*, 2020 WL 1487647, at *3.

The Claims Court also held in each case that, to the extent the complaint could be construed as a tax refund claim, it lacked jurisdiction because the taxpayer failed to allege satisfaction of the jurisdictional prerequisites to a refund suit—full payment of the assessed taxes and the filing of an administrative claim for a refund.  *See Gary Fujita*, 2020 WL 1487645, at *3; *Karen Fujita*, 2020 WL 1487647, at *3.  Finally, the Claims Court held that, to the extent the Fujitas sought review of the Tax Court's decisions, it lacked jurisdiction because such "[d]ecisions issued by the Tax Court may not be appealed before [the Claims Court]."  *Wong v. United States*, 49 Fed. Cl. 553, 555 (2001) (citing 26 U.S.C. § 7482(a)(1)).

The Fujitas appealed.  This court has jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"We review the Claims Court's decision to dismiss for lack of jurisdiction de novo."  *Campbell v. United States*, 932 F.3d 1331, 1336 (Fed. Cir. 2019).  The Claims Court "can take cognizance only of those [claims] which by the terms of some act of Congress are committed to it."  *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (alteration in original) (quoting *Thurston v. United States*, 232 U.S. 469, 475 (1914)).  Although we generally interpret the pleadings of *pro se* plaintiffs liberally, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)), *pro se* status will not excuse failure to demonstrate the fulfillment of jurisdictional requirements.  *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

The Claims Court is a court of limited jurisdiction.  Under the Tucker Act, the Claims Court lacks jurisdiction over claims "sounding in tort."  28 U.S.C. § 1491.  The Fujita's complaints appear to allege fraudulent tax collection.  We have recognized that "a claim of fraudulent tax collection is essentially a tort claim."  *Pekrul v. United States*, 792 F. App'x 834, 835 (Fed. Cir. 2020).  As such, those claims are outside the Claims Court's jurisdiction.

In their informal briefing to this court, the Fujitas argue that the Claims Court should have applied the Fourth Amendment.  But the Claims Court lacks jurisdiction to hear claims founded on the Fourth Amendment.  *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over [] such a violation.").  Therefore, to the extent the Fujitas asserted Fourth Amendment claims, the Claims Court lacked jurisdiction to hear them.

Appellants' principal argument on appeal is that the Claims Court "did not take into account the exhibits showing the injury to Appellant[s] by Appellee."  Appellants' Brs. 1.  But the Claims Court expressly considered all exhibits attached to the complaints.  With respect to the Tax Court's dismissal of Mr. and Mrs. Fujita's petitions for lack of jurisdiction, the Claims Court found that the taxpayers failed to explain "how or why those Tax Court proceedings impact, or otherwise relate to, [their] claims before *this* Court."  *See Gary Fujita*, 2020 WL 1487645, *1 n.1; *Karen Fujita*, 2020 WL 1487647, *1 n.1.  As to the remaining exhibits, the court held that it "cannot, and does not, construe any of these additional documents—individually or collectively—to constitute a cognizable claim within [the] Court's jurisdiction."  *See Gary Fujita*, 2020 WL 1487645, *1 n.1; *Karen Fujita*, 2020 WL 1487647, *1 n.1.  We find no error in the court's analysis.

FUJITA v. UNITED STATES                                            7

    Because Mr. and Mrs. Fujita have not demonstrated that they have a claim within the jurisdiction of the Court of Federal Claims, we *affirm* the Court of Federal Claims' decisions dismissing these cases.

## AFFIRMED