# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| THEODORE HAUGLAND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25-710 |
| v. | ) | (Filed: September 30, 2025) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

On April 24, 2025, Plaintiff Theodore Haugland, proceeding pro se, filed this civil action seeking a refund for an alleged overpayment of his federal income taxes for the 2021 tax year. See Compl., Dkt. No. 1. The government filed a motion to dismiss Mr. Haugland's complaint in accordance with RCFC 12(b)(1) on June 24, 2025. See Def.'s Mot. to Dismiss, Dkt. No. 8. Mr. Haugland failed to file a response to the government's motion by July 22, 2025, and the Court subsequently ordered Mr. Haugland to file a response by September 17, 2025. See Dkt. No. 9.

Mr. Haugland has not done so. Instead, Mr. Haugland filed a motion for sanctions and request for default judgment arising from what he alleges was the "Administrative Office of the U.S. Courts' [] failure to secure sealed filings within the CM/ECF" system. Mot. for Sanctions and Default J., Dkt. No. 10. Mr. Haugland argues that the alleged unauthorized disclosure of his sealed records due to a cyberattack "directly violated this Court's sealing orders and undermin[ed]" Mr. Haugland's Fifth Amendment due process rights. Id. at 3. The government filed its response to Mr. Haugland's motion for sanctions on September 15, 2025. Dkt. No. 11. Mr. Haugland then filed a motion for referral to alternative dispute resolution ("ADR"). Dkt. No. 12. Neither motion addressed the government's motion to dismiss, specifically, the government's arguments that this Court lacks subject matter jurisdiction over Mr. Haugland's claims.

For the reasons set forth below, the Court grants the government's motion to dismiss and denies, as moot, Mr. Haugland's motions for sanctions and default judgment and for referral to ADR. The case shall therefore be dismissed in accordance with Rules 12(b)(1) and 41(b) of the Rules of the Court of Federal Claims for lack of subject matter jurisdiction and for failure to prosecute, respectively. RCFC 12(b)(1), 41(b).

## FACTS

Mr. Haugland e-filed his 2021 form 1040 on February 15, 2022. Compl. at 2. Mr. Haugland subsequently submitted an administrative refund claim for the 2021 tax year by filing

an amended income tax return (form 1040-X) on February 3, 2025, requesting a tax refund in the amount of $67,649 and interest of $18,354.91. See id. at 2–3. The Internal Revenue Service ("IRS") had not updated Plaintiff's Account Transcript with Mr. Haugland's amended form as of April 20, 2025. Id. at 2. Plaintiff filed the present suit on April 24, 2025, see Compl., before the IRS responded to Mr. Haugland's claim.

## DISCUSSION

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts alleged in the complaint and "draws all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). The plaintiff bears the burden of establishing subject-matter jurisdiction by preponderant evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

Plaintiff proceeding pro se and lacking the benefit of counsel in preparing his claims, receives a degree of latitude in their pleadings not afforded to parties represented by counsel. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that the pleadings of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers"). However, pro se plaintiffs must still meet the burden of establishing that this court has subject-matter jurisdiction. See Allen v. United States, 88 F.4th 983, 986 (Fed. Cir. 2023).

The Court of Federal Claims, "like all federal courts," is "a court of limited jurisdiction." Terran v. Sec'y of Health & Hum. Servs., 195 F.3d 1302, 1309 (Fed. Cir. 1999). Should the Court "determine[] at any time that it lacks subject matter jurisdiction, [it] must dismiss the action." RCFC 12(h)(3).

Though this Court does hold concurrent jurisdiction regarding tax recovery suits, 28 U.S.C. § 1346(a)(1), this Court is subject to additional statutory jurisdictional requirements in order to establish subject matter jurisdiction, Roberts v. U.S., 242 F.3d 1065, 1067 (Fed. Cir. 2001). In the present case, Mr. Haugland may not proceed with a suit for the recovery of any funds from the Internal Revenue Service "until a claim for refund or credit has been duly filed with the Secretary," 26 U.S.C. § 7422(a), and at least six months have passed from the date of filing the claim, 26 U.S.C. § 6532(a)(1). These requirements must be satisfied at the time of filing in order for this Court to have jurisdiction.

Here, though Mr. Haugland did file a claim for a refund, he was barred from filing suit in this or any federal court until six months after February 3, 2025, i.e., August 3, 2025. Mr. Haugland's suit was premature, having been filed less than three months after filing his claim with the IRS. The Court agrees with the Government that it lacks subject-matter jurisdiction over Mr. Haugland's suit and will grant the Government's motion.

Additionally, because Mr. Haugland has not provided any response to the government's motion to dismiss, despite this Court's order to do so, see Dkt. No. 9, Mr. Haugland's case must also be dismissed pursuant to Rule 41(b) for failure to prosecute. See RCFC 41(b).

## CONCLUSION

Based on the foregoing, the government's motion to dismiss for lack of subject matter jurisdcition, Dkt. No. 8, is **GRANTED**. Mr. Haugland's motion for sanctions and default judgment and his motion for referral to ADR, Dkt. Nos. 10, 12, are **DENIED as moot**. The complaint is therefore **DISMISSED** without prejudice pursuant to Rules 12(b)(1) and 41(b) of the Rules of the Court of Federal Claims. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge