# In the United States Court of Federal Claims
## (Pro Se)

|  |  |  |
|---|---|---|
| THEODORE HAUGLAND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25-1744 |
| v. | ) | (Filed: February 11, 2026) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER[1]

**KAPLAN, Judge.**

Plaintiff Theodore Haugland, proceeding pro se, brings this action seeking a refund of federal income taxes for the 2021 tax year. Compl., Dkt. No. 1. Pending before the Court is the government's Motion to Dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). See Def.'s Mot. to Dismiss at 1, Dkt. No. 18 [hereinafter Def.'s Mot.]. For the reasons set forth below, the government's Motion is granted, and the Complaint is dismissed.

## BACKGROUND[2]

On his original 2021 Form 1040, Mr. Haugland reported total tax liability of $105,558 and claimed that it was offset by, among other items, more than $200,000 in federal income tax withholding, resulting in a claimed overpayment and right to a refund. See Compl. Ex. 1, at 422, Dkt. No. 1-3; accord Def.'s Mot. Ex. A, at 2 (lines 24, 25d), Dkt. No. 18-1. The Internal Revenue Service ("IRS") issued a notice of disallowance dated May 16, 2022, stating that it could not

---

[1] Mr. Haugland filed an application to proceed in forma pauperis ("IFP"). Mot. to Proceed IFP, Dkt. No. 3. The application, which is signed under penalty of perjury, sets forth information regarding his assets, liabilities, and sources of income. Based on that information, the Court concludes that Mr. Haugland is unable to pay the filing fees associated with this action. See 28 U.S.C. § 1915. Plaintiff's Motion to Proceed IFP, Dkt. No. 3, is therefore **GRANTED**.

[2] In resolving a motion under RCFC 12(b)(1), the Court may consider materials outside the pleadings to determine whether it has subject-matter jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). The facts recited here are drawn from the Complaint and from other materials in the record bearing on jurisdiction, including the account transcripts and tax returns attached to the parties' filings.

verify the reported withholding and reversing it. Def.'s Mot. Ex. B, at 1, Dkt. No. 18-2. The IRS accordingly adjusted Mr. Haugland's account to reflect a balance of $59,314 due for the 2021 tax year. Compl. Ex. 1, at 422.

Following the disallowance, the IRS assessed the resulting deficiency and related additions. Id. at 422–23. Mr. Haugland later filed an amended return for the 2021 tax year on February 9, 2025. Compl. ¶ 4; see also Compl. Ex. 1, at 2–25 (amended tax return dated Feb. 9, 2025). Then, on April 24, 2025, he filed a refund suit based on that amended return. Haugland v. United States, No. 25-710, 2025 WL 2780360, at *1 (Fed. Cl. Sept. 30, 2025). The Court dismissed that suit as untimely on September 30, 2025. Id. at *2. Mr. Haugland initiated the present action on October 14, 2025, seeking a refund of $67,649, plus statutory interest, for the 2021 tax year. Compl. ¶¶ 4, 5(a).

## **DISCUSSION**

In assessing a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts all undisputed facts as true and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court also considers exhibits attached to the pleadings and matters of which it may take judicial notice, Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (citing RCFC 10(c)), and may "inquire into jurisdictional facts that are disputed," Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

The pleadings of a pro se plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, pro se plaintiffs still bear the burden of establishing that the Court has subject-matter jurisdiction. See Allen v. United States, 88 F.4th 983, 986 (Fed. Cir. 2023).

Under 28 U.S.C. § 1346(a)(1), this Court has jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

The Court's jurisdiction, however, is subject to the well-established "full payment rule" articulated in Flora v. United States, 362 U.S. 145 (1960). The court of appeals has repeatedly held under Flora that "full payment of the assessment is a jurisdictional prerequisite to suit." Shore v. United States, 9 F.3d 1524, 1527 (Fed. Cir. 1993) (citing Flora, 362 U.S. at 176–77); see, e.g., Roberts v. United States, 242 F.3d 1065, 1067 (Fed. Cir. 2001). The rule requires a taxpayer to pay the full amount of the assessed tax liability before maintaining a refund action in this Court. Id.

Here, it is undisputed that Mr. Haugland has not fully paid his assessed tax liability for the 2021 tax year. He does not allege full payment in his Complaint, and the IRS account transcripts he submitted show that, even after accounting for limited payments and credits, $53,197.09 of the assessed deficiency for the 2021 tax year remained unpaid as of October 2025. See Compl.; Compl. Ex. 1, at 422. Further, there is no allegation in the Complaint—nor any

2

evidence in the record properly before the Court—that this balance has since been satisfied. <u>See</u> Compl.

Instead, Mr. Haugland argues that because he challenges the correctness of the assessment, the full-payment rule should not apply. <u>See</u> Pl.'s Resp. to Def.'s Mot. at 4, Dkt. No. 22. But the Supreme Court and the Federal Circuit have recognized no such exception. On the contrary, the rule governs suits that contest the validity or amount of an assessment. <u>Shore</u>, 9 F.3d at 1527–28.

Because Plaintiff has not satisfied the full-payment requirement, this Court lacks subject-matter jurisdiction over his refund claim.[3]

## **CONCLUSION**

For the reasons set forth above, the government's Motion to Dismiss, Dkt. No. 18, is **GRANTED**, and Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. As a result, Plaintiff's Motion for Protective Order, Dkt. No. 10, and Motion for Injunctive Relief, Dkt. No. 13, are **DISMISSED as moot**.

The Clerk is directed to enter judgment accordingly.

 **IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge

---

[3] In light of this conclusion, the Court need not address the government's alternative timeliness argument under 28 U.S.C. § 6532(a)(1). <u>See</u> Def.'s Mot. at 5–7.